UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HARVEY GRAHAM, 92-A-0507,

        Plaintiff,

   v.

JOHN GIBSON,

        Defendant.

DECISION & ORDER

04-CV-6088CJS

---

Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that defendant violated his constitutional right to be free from cruel and unusual punishment by denying him necessary medical care. (Docket # 1). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 23). For the following reasons, plaintiff's motion is denied.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

      3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4.  Whether the legal issues involved are complex; and

      5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

      The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

      The Court has reviewed the facts presented herein in light of the factors required by law.  In his complaint, plaintiff alleges that defendant subjected him to cruel and unusual punishment by failing to perform requested dental procedures.  (Docket # 1).  Plaintiff now requests the assignment of counsel, alleging that he has limited knowledge of civil procedures and that he has been unable to obtain an attorney on his own.  (Docket # 23).

      Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, it does not appear that counsel will provide substantial assistance in developing

plaintiff's argument at this time.  Indeed, plaintiff has thus far failed to establish that the case is "likely to be of substance."  *Hendricks*, 114 F.3d at 392.  Moreover, the legal issues in this case do not appear to be complex, and plaintiff has not demonstrated that the appointment of counsel would be more likely to lead to a just determination in this matter.  Thus, plaintiff's motion for appointment of counsel **(Docket # 23)** is **DENIED** without prejudice at this time.  It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.  In order to assist plaintiff in the litigation of this matter, the Clerk of the Court is directed to send plaintiff a copy of the pamphlet "Pro Se Litigation Guidelines" and a copy of the Local Rules of Civil Procedure for the Western District of New York.

**IT IS SO ORDERED.**

                                                     s/Marian W. Payson
                                                       MARIAN W. PAYSON
                                                   United States Magistrate Judge

Dated: Rochester, New York
        July   8  , 2005.